**Opinion filed May 9, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00156-CR

_____

## EX PARTE RODOLFO ORTEGA NUNEZ

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-16-1301-CR**

## M E M O R A N D U M   O P I N I O N

Rodolfo Ortega Nunez stands charged by indictment with the state jail felony offense of invasive visual recording under Section 21.15(b)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 21.15(b)(2) (West 2019). Nunez filed a pretrial application for writ of habeas corpus in which he sought to obtain habeas corpus relief from the trial court based upon his contentions that the statute under which he was indicted is unconstitutional. The trial court held a hearing and denied the relief requested by Nunez. We affirm.

Nunez presents one issue in this appeal. He contends that Section 21.15(b)(2) is facially overbroad in violation of the First Amendment to the United States

Constitution. *See* U.S. CONST. amend. I. Nunez raised this claim in his pretrial application for writ of habeas corpus.

A defendant may file a pretrial application for writ of habeas corpus in order to raise a facial challenge to the constitutionality of the statute under which the defendant is charged. *Ex parte Thompson*, 442 S.W.3d 325, 333 (Tex. Crim. App. 2014). Whether a statute is facially unconstitutional is a question of law subject to de novo review. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

When the constitutionality of a statute is attacked, a court usually must presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Id.* at 14–15. With respect to constitutional provisions other than the First Amendment, a facial challenge to the constitutionality of a statute will succeed only if it is shown that the statute is unconstitutional in all of its applications. *State v. Johnson*, 475 S.W.3d 860, 864 (Tex. Crim. App. 2015). However, when the statute restricts and punishes speech based on its content, the usual presumption of constitutionality does not apply. *Lo*, 424 S.W.3d at 15. Instead, content-based regulations are presumptively invalid, and the State bears the burden to rebut that presumption. *Id.* A court must use strict scrutiny in its review of a content-based regulation. *Thompson*, 442 S.W.3d at 344–45; *Lo*, 424 S.W.3d at 15–16.

To determine which presumption applies, we must determine whether the applicable subsection of Section 21.15(b) regulates speech based upon the content of the speech. Section 21.15(b) provides:

> A person commits an offense if, without the other person's consent and with intent to invade the privacy of the other person, the person:
>
> > (1) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of an intimate area of another person if the other person has a reasonable expectation that the intimate area is not subject to public view;

2

(2) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another in a bathroom or changing room; or

(3) knowing the character and content of the photograph, recording, broadcast, or transmission, promotes a photograph, recording, broadcast, or transmission described by Subdivision (1) or (2).

PENAL § 21.15(b).

The State urges this court to hold that Section 21.15(b)(2) prohibits noncommunicative behavior rather than expressive conduct and, therefore, is not subject to First Amendment scrutiny. We, however, are constrained to hold that Section 21.15(b)(2) regulates speech based upon its content and that it is therefore subject to First Amendment scrutiny. The Court of Criminal Appeals addressed a similar contention in *Thompson* when it considered the constitutionality of Section 21.15(b)(1). *Thompson*, 442 S.W.3d at 334–37. The Court of Criminal Appeals determined that the activity proscribed by Section 21.15(b)(1) is inherently expressive and concluded "that a person's purposeful creation of photographs and visual recordings is entitled to the same First Amendment protection as the photographs and visual recordings themselves." *Id.* at 337. Furthermore, Section 21.15(b)(2) is a content-based regulation. *See id.* at 348 (holding that Section 21.15(b)(1) is content based and that strict scrutiny is applicable). Therefore, we must apply strict scrutiny in our review. *See Lo*, 424 S.W.3d at 15.

To satisfy strict scrutiny, a law that regulates speech must be necessary to serve a compelling state interest and must be narrowly drawn. *Id.* "A law is narrowly drawn if it employs the least restrictive means to achieve its goal and if there is a close nexus between the government's compelling interest and the restriction." *Id.* If a less restrictive means exists to meet the State's compelling interest, then the law in question does not satisfy strict scrutiny. *Id.* at 15–16.

First, privacy constitutes a compelling state interest when the privacy interest is substantial and the invasion of privacy occurs in an intolerable manner. *Thompson*, 442 S.W.3d at 348. A substantial privacy interest is "invaded in an intolerable manner when a person is photographed without consent in a private place, such as the home, or with respect to an area of the person that is not exposed to the general public, such as up a skirt." *Id.*

Second, Section 21.15(b)(2) is narrowly drawn. In applying the strict scrutiny standard to Section 21.15(b)(1)—and holding that Section 21.15(b)(1) did not survive strict scrutiny and was unconstitutional on its face in violation of the First Amendment—the Court of Criminal Appeals in *Thompson* indicated that Section 21.15(b)(2) would indeed meet the strict scrutiny standard:

> One need only look at the next subsection of the statute—
> § 21.15(b)(2)—to see an example of a provision that is in fact narrowly
> drawn to protect substantial privacy interests—the provision that makes
> it a crime to "photograph or . . . record[] . . . a visual image of another
> at a location that is a bathroom or private dressing room."

*Thompson*, 442 S.W.3d at 348–49 (alterations in original) (quoting former PENAL § 21.15(b)(2) (2007)).

Nunez asserts that, insofar as it addressed Section 21.15(b)(2), the *Thompson* opinion is dicta and does not control the present case. Nunez argues that this court should, instead, consider United States Supreme Court authorities such as *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218 (2015); *United States v. Alvarez*, 567 U.S. 709 (2012); and *United States v. Stevens*, 559 U.S. 460 (2010). Nunez specifically seems to urge that the statute at issue here is overbroad and restricts a substantial amount of protected speech as did the statute at issue in *Stevens*. In *Stevens*, the Court invalidated a statute under the First Amendment as being substantially overbroad because a substantial number of its applications were unconstitutional, when judged in relation to the statute's permissible applications. 559 U.S. at 473,

4

481–82. The statute at issue in *Stevens* made it a crime to knowingly create, sell, or possess a depiction of animal cruelty, if done for commercial gain. *Id.* at 464–65. Animal cruelty was broadly defined in the statute to include animals that had been intentionally wounded or killed, thus including depictions of activities that are protected by the First Amendment. *Id.* at 465, 474, 481. Here, Section 21.15(b)(2) is not overbroad and is limited in scope; it limits the proscribed conduct to photographing, recording, broadcasting, or transmitting a visual image of another "in a bathroom or changing room" if done "without the other person's consent and with intent to invade the privacy of the other person." PENAL § 21.15(b)(2). We have considered the Supreme Court cases cited by Nunez, and we conclude that each is distinguishable from the case before us.

We agree with Nunez that we are not compelled to follow any dicta in *Thompson*. However, as did the Fort Worth Court of Appeals, we agree with *Thompson*'s assessment of Section 21.15(b)(2). *In re D.Y.*, No. 02-16-00294-CV, 2017 WL 2178877, at *2 (Tex. App.—Fort Worth May 18, 2017, pet. denied) (mem. op.). We hold that Section 21.15(b)(2) survives strict scrutiny and does not unlawfully restrict Nunez's rights to free expression; the statute is narrowly drawn to protect a compelling state interest in privacy.

Following the clear statement of the court in *Thompson* and the holding of the court in *D.Y.*, we hold that Section 21.15(b)(2) is not unconstitutionally overbroad and does not violate the First Amendment. Accordingly, the trial court did not err in denying Nunez's application for habeas corpus. Nunez's sole issue on appeal is overruled.

We affirm the order of the trial court.

KEITH STRETCHER

JUSTICE

May 9, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.